PER CURIAM.
This is an appeal and a cross-appeal from the final judgments, order granting a new trial and orders on post-trial motions. In the court below, appellant commenced an independent action seeking to reach assets alleged to have been transferred to appellee by appellant’s judgment debtor. Appellant’s complaint contained multiple counts. At the close of appellant’s case, the trial court granted appellee’s motion for a directed verdict on all counts except for the claims for civil theft, conversion and creditor’s bill. The trial court heard the creditor’s bill claim in equity, while the conversion and civil theft counts were submitted to a jury. Appellant prevailed on all three counts. At a hearing on post-trial motions, the court directed a verdict in favor of appellee on the conversion count and granted appellee’s motion for a new trial on the civil theft count. Other than the grant of a new trial on the civil theft count, we affirm in all respects.
In granting appellee’s motion for a new trial on the civil theft count, the trial court relied solely on the fact that the jury was improperly instructed on the standard of proof.[1] We need not decide whether an erroneous instruction regarding the standard of proof, given without objection, necessitates a new trial. Neither the pleadings nor the evidence support a cause of action for civil theft. Facts supporting a creditor’s bill in equity do not automatically give rise to a cause of action for civil theft. Therefore, the trial court should have granted appellee’s motion for directed verdict on that count rather than grant a new trial. We affirm the final judgments and the post-trial orders, we reverse the court’s order granting a new trial, and remand to the trial court with instructions to direct a verdict for appellee on the civil theft count.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, C.J., FARMER, J., and RIVKIND, LEONARD, Associate Judge, concur.

. The standard which was given was greater weight of the evidence. However, section 772.11, Florida Statutes (1993), governing civil theft, requires clear and convincing evidence.